JAN MEERDINK, Alderwoman, Menasha, Wisconsin
You advise that a vacancy in the Common Council of the City of Menasha is about to occur as a result of an announced resignation and that the Common Council will fill that vacancy pursuant to the provisions of sec. 17.23 (1), Stats., which provides in pertinent part: *Page 132 
 "Vacancies in offices of cities operating under the general law or special charter shall be filled as follows:
 "(a) . . . In the office of alderman . . . in cities of 2nd, 3rd and 4th class, by the common council . . . ."
Pursuant to sec. 19.98, Stats., authorizing "any person to request advice from the attorney general" on subch. IV of ch. 19, Stats., Wisconsin's Open Meetings of Governmental Bodies Law, you request my opinion on whether the Common Council may vote by secret ballot to fill the vacancy pursuant to the provisions of above-quoted sec. 17.23 (1), Stats.
The pertinent statutory provision, sec. 19.88 (1), Stats., provides as follows:
 "Unless otherwise specifically provided by statute, no secret ballot may be utilized to determine any election or other decision of a governmental body except the election of the officers of such body in any meeting."
It is my opinion that the Common Council may not vote by secret ballot to fill the vacancy in the Common Council of the City of Menasha.
I construe the phrase in sec. 19.88 (1) "officers of such body" to mean the leadership positions or officially designated positions of the body as contrasted with members of the body. Members of the Common Council are, for many purposes, considered officers of the city. But this does not make such council members officers of such body.
RCL:WHW